# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| WASHINGTON ANTHONY SCOTT, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 1:05-CV-57 (WLS) |
| vs. | : | |
| | : | |
| | : | |
| OFFICER HALL, SERGEANT GLASS, | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| JANE DOE, WARDEN HEAD, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff **WASHINGTON SCOTT**, an inmate at Autry State Prison in Pelham, Georgia, filed the above-styled *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $150.00 filing fee in installments based on funds in the prisoner's account. If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

1

In the event the prisoner has no assets, payment of a partial filing fee prior to filing will be waived. Here, plaintiff's submissions indicate that he has no balance in his inmate account and therefore is unable to pay the initial partial filing fee.

## I. STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. PLAINTIFF'S CLAIM

Plaintiff alleges in his complaint that he was punched in the chest by Officer Hall after Hall accused plaintiff of exposing his "private part." Plaintiff asserts that blow to the center of his chest caused him chest pains for a few days. Plaintiff states that Officers Cohen and Lester witnessed Officer Hall punching plaintiff.

Plaintiff alleges that he complained of Officer Hall's conduct to Sergeant Glass and also informed defendant Glass that he needed medical treatment. Plaintiff states that Sergeant Glass ignored his request for medical treatment.

After what plaintiff describes as nurse Jane Doe's refusal to provide medical treatment plaintiff states that he received a disciplinary charge. Plaintiff states that he filed a grievance in response to the disciplinary charge which, was denied. Plaintiff states that Warden Head failed to respond to his complaints. Plaintiff seeks damages for the punching and mental anguish associated with said incident.

### III. DISCUSSION

Congress enacted the Prison Litigation Reform Act (PLRA) of 1996, which includes 42 U.S.C. § 1997e(e), in an effort to stem the flood of prisoner lawsuits in federal court. ***Harris v. Garner***, 216 F.3d 970, 971 (11th Cir. 2000). Section 1997e(e) bars only a damages recovery for mental or emotional injury where there is no connected physical injury. ***Lassan v. City of Orange Beach***, 2000 WL 1844683 (S.D. Ala. November 7, 2000). *See also **Harris v. Garner***, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *overruled on other grounds by **Harris v. Garner***, 216 F.3d 970 (11th Cir. 2000). Under § 1997e(e), the physical injury alleged must be more than *de minimis*, but need not be significant. ***Harris***, 190 F.3d at 1286. Therefore, the plaintiff must be able to establish that he suffered a physical injury that is more than *de minimis* and which is connected to his claims for emotional and physical injury. ***Lassan***, 2000 WL 1844692 at *4.

While plaintiff may have claims against the defendants under another provision of state or federal law, his claim as set forth in the complaint do not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. § 1983.

Plaintiff has alleged no more than a *de minimis* physical injury. ***Compare Cain v. Commonwealth of Va.***, 982 F. Supp. 1132, 1135 & n.3 (finding that unbearable headaches, vision loss, numbness in arms and legs, joint pain, stomach cramps, lower back pain, and blackouts were not a sufficient physical injury to recover under § 1997e(e) for mental injury).

## IV.  CONCLUSION

Therefore, the undersigned **RECOMMENDS** that the within complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this      day of June, 2005.

_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh